## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

Master File No. 12-md-02311
Honorable Marianne O. Battani

In re: EXHAUST SYSTEMS

2:16-cv-03701

THIS RELATES TO:

DIRECT PURCHASER ACTIONS

## DEFENDANT MERITOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DIRECT PURCHASER PLAINTIFFS' CLASS ACTION COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Meritor, Inc. ("Meritor"), by and through its attorneys, hereby answer and submit affirmative defenses to the Direct Purchaser Plaintiffs' Class Action Complaint ("Complaint") (Dkt. # 1, 4) as set forth below.  Meritor denies all allegations in the Complaint except as specifically admitted, denies any allegations as to which there is no specific response, and denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs.[1]  Meritor denies that it has violated the antitrust or competition laws in any way.

---

[1] Plaintiffs' headings are repeated in this Answer for convenience, only.

## NATURE OF THE CASE

1.      Meritor denies the allegations in Paragraph 1 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

2.      Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis denies them.

3.      Meritor admits that Plaintiffs purport to bring the Complaint on behalf of the persons and entities identified in Paragraph 3, but denies that an appropriate class can be certified pursuant to the standards of Federal Rule of Civil Procedure 23, and denies all remaining allegations in this paragraph.

## DEFINITIONS

4.      Meritor admits that Paragraph 4 consists of Plaintiffs' definition of the term "Automotive Exhaust System" for the purposes of the Complaint.  Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.  For the purpose of construing the remaining allegations in the Complaint, Meritor will use "Exhaust System" or "Exhaust Systems" as defined in Paragraph 3.

5.      Meritor admits that Plaintiffs purport to identify a class period as alleged in Paragraph 4, but denies that an appropriate class can be certified pursuant to the standards of Federal Rule of Civil Procedure 23, and denies all remaining allegations in this paragraph.

## JURISDICTION AND VENUE

6.     Meritor admits that Plaintiffs purport to bring this action to recover damages and seek equitable, injunctive and other relief pursuant to the statute cited, but denies that any such relief is recoverable or appropriate.

7.     The allegations in Paragraph 7 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 7 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

8.     The allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 8 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

9.     The allegations in Paragraph 9 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 9 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

10.    The allegations in Paragraph 10 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 10 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a

belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## THE PARTIES

11.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and on that basis denies them.

12.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies them.

### The Bosal Defendants

13.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and on that basis denies them.

14.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and on that basis denies them.

15.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and on that basis denies them.

### The Eberspacher Defendants

16.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and on that basis denies them.

17.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and on that basis denies them.

### The Faurecia Defendants

18.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and on that basis denies them.

19. Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and on that basis denies them.

20. Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and on that basis denies them.

21. Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and on that basis denies them.

*The Meritor Defendants*

22. Meritor admits the allegations in the first sentence of Paragraph 22. Meritor denies the allegation that EMCON acquired the Exhaust System business of ArvinMeritor, Inc. in 2004, and in further answer states that EMCON acquired the Exhaust System business of ArvinMeritor effective May 17, 2007. Meritor denies that it or ArvinMeritor, Inc. retained any liabilities of the Exhaust System business after the sale other than certain pre-closing obligations and the usual representations and warranties in connection with the sale, none of which amounted to continued participation in or benefit from the Exhaust System market. Meritor admits that prior to the sale, ArvinMeritor, Inc. sold Exhaust Systems (as defined) in the United States, including in this District. Meritor denies the remaining allegations in Paragraph 22.

*The Boysen Defendant*

23. Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on that basis denies them.

**"DEFENDANTS' CO-CONSPIRATORS AND AGENTS"**

24. Meritor denies any allegations in Paragraph 24 directed to Meritor. Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

5

25.     Meritor denies the allegations in Paragraph 25 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

26.     Meritor denies any allegations in Paragraph 26 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

27.     Meritor denies any allegations in Paragraph 27 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## "INTERSTATE TRADE AND COMMERCE"

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 28 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

29.     The allegations in Paragraph 29 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 29 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## "AUTOMOTIVE EXHAUST SYSTEMS"

30.     Meritor denies the allegations in Paragraph 30.

31.     Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

32.     Meritor admits on information and belief that the companies identified in Paragraph 32 are automotive OEMs.  Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

33.     Meritor admits on information and belief that Paragraph 33 sets out a general description of the RFQ process in the automotive industry.  Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations in Paragraph 33, and on that basis denies them.

34.     Meritor denies the allegation in Paragraph 34 that it has co-conspirators.  Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations in Paragraph 34, and on that basis denies them.

35.     Meritor denies the allegation in Paragraph 35 that it has co-conspirators.  Meritor admits that its predecessor, ArvinMeritor, Inc., formerly sold Exhaust Systems directly to OEMs and suppliers to OEMs.  Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations in Paragraph 35 directed to Meritor, and on that basis denies them. Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

36.     Meritor denies the allegations in Paragraph 36 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

**"THE CHARACTERISTICS OF THE MARKET FOR AUTOMOTIVE EXHAUST SYSTEMS ARE CONDUCIVE TO COLLUSION"**

37.     Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and on that basis denies them.  .

*"Market Concentration"*

38.     Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and on that basis denies them.

*"High Barriers to Entry"*

39.     Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and on that basis denies them.

40.     Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and on that basis denies them.

*"Price Inelasticity"*

41.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and on that basis denies them.

42.     Meritor admits on information and belief that Exhaust Systems are required for vehicles that have internal combustion engines.  Meritor denies the remaining allegations in Paragraph 42.

*"Opportunities for Collusion"*

43.     Meritor denies the allegations in Paragraph 43.

## "DEFENDANTS' ANTITRUST CONSPIRACY"

44.     Meritor denies the allegations in Paragraph 44 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

45.     Meritor denies the allegations in Paragraph 45 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

46.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on that basis denies them.

47.     Meritor denies the allegations in Paragraph 47 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

48.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and on that basis denies them.

49.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and on that basis denies them.

50.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and on that basis denies them.

51.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on that basis denies them.

52.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and on that basis denies them.

53.     Meritor denies the allegations in Paragraph 53 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

54.     Meritor denies the allegations in Paragraph 54 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

55.     Meritor denies the allegations in Paragraph 55 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

56.     Meritor denies the allegations in Paragraph 56 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

57.     Meritor denies the allegations in Paragraph 57 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

58.     Meritor denies the allegations in Paragraph 58 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

59.     Meritor denies the allegations in Paragraph 59 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

60.     Meritor denies the allegations in Paragraph 60 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

61.     Meritor denies the allegations in Paragraph 61 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

62.     Meritor admits on information and belief that Paragraph 62 sets out a general description of the RFQ process.  Meritor has been out of the Exhaust System business for more than a decade, therefore lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

63.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and on that basis denies them.

64.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and on that basis denies them.

65.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and on that basis denies them.

66.     Meritor denies the allegations in Paragraph 66 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

67.     Meritor denies the allegations in Paragraph 67 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

68.     Meritor denies the allegations in Paragraph 68 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

69.     Meritor denies the allegations in Paragraph 69 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

70.     Meritor denies the allegations directed to Meritor in Paragraph 70, including sub-paragraphs (a) through (c).  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

71.     Meritor denies the allegations in Paragraph 71 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

72.     Meritor denies the allegations in Paragraph 72 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## "ANTITRUST INVESTIGATION"

73.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies them.

74.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies them.

75.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies them.

76.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and on that basis denies them.

77.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and on that basis denies them.

78.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and on that basis denies them.

79.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and on that basis denies them.

80.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and on that basis denies them.

81.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and on that basis denies them.

## "CLASS ACTION ALLEGATIONS"

82.     Meritor admits that Plaintiffs purport to bring this action on behalf of the putative class identified in Paragraph 82, but denies that this putative class is appropriate for certification under Rule 23 of the Federal Rules of Civil Procedure. For the purpose of construing the remaining allegations in the Complaint, Meritor will use "Class" as defined in Paragraph 82.

83.     Meritor denies the allegations in Paragraph 83.

84.     Meritor denies the allegations in Paragraph 84.

85.     Meritor denies the allegations in Paragraph 85.

86.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and on that basis denies them.

87.     The allegations in Paragraph 87 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 87 as they relate to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 87, and on that basis denies them.

88.     The allegations in Paragraph 88, including sub-paragraphs (a) through (g), state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89, including sub-paragraphs (a) through (g), state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 89.

## "ANTITRUST INJURY SUFFERED BY PLAINTIFFS AND THE CLASS"

90.     Meritor denies the allegations directed to Meritor in Paragraph 90, including sub-parts (a) through (c).  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

91.     Meritor denies the allegations in Paragraph 91 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## "PLAINTIFFS' CLAIMS ARE TIMELY"

92.     Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and on that basis denies them.

93.     Meritor denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 state legal conclusions to which no response is required.   To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 state legal conclusions to which no response is required.   To the extent a response is deemed necessary, Meritor denies the allegations in Paragraph 95 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

96.     Meritor denies the allegations in Paragraph 96 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

97.     Meritor denies the allegations in Paragraph 97 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

98.     Meritor denies the allegations in Paragraph 98 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed to other defendants or relating to plaintiffs' beliefs, and on that basis denies them.

99.     Meritor denies the allegations in Paragraph 99 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

100.    Meritor denies the allegations in Paragraph 100 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

101.    Meritor denies the allegations in Paragraph 101 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

102.    Meritor denies the allegations in Paragraph 102 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

103.    Meritor denies the allegations in Paragraph 103 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

104.    Meritor denies the allegations in Paragraph 104 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

105.    Meritor denies the allegations in Paragraph 105 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

106.    Meritor denies the allegations in Paragraph 106 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

107.    Meritor denies the allegations in Paragraph 107 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## COUNT I: "CLAIM FOR VIOLATION OF SECTION 1 OF THE SHERMAN ACT"

108.    Meritor repeats and re-alleges its answers to the preceding paragraphs.

109.    Meritor denies the allegations in Paragraph 109 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

110.    Meritor denies the allegations in Paragraph 110 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

111.    Meritor denies the allegations in Paragraph 111 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

112.    Meritor denies the allegations in Paragraph 112 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

113.    Meritor denies the allegations in Paragraph 113 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

114.    Meritor denies the allegations directed to Meritor in Paragraph 114, including sub-paragraphs (a) through (c).  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

115.    Meritor denies the allegations in Paragraph 115 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

116.    Meritor denies the allegations in Paragraph 116 directed to Meritor.  Meritor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph directed toward other defendants, and on that basis denies them.

## AFFIRMATIVE DEFENSES

Meritor gives notice pursuant to Federal Rules of Civil Procedure 8(c) and 12(b) that it will rely on the following affirmative defenses, if and as supported by facts to be determined through discovery.  Meritor does not assume any burden of proof that would otherwise be borne by Plaintiffs.

1.    Plaintiffs' claims are barred in whole or in part because Meritor's predecessor ArvinMeritor, Inc. withdrew from any alleged conspiracy when it sold its Exhaust System business effective May 17, 2007, and publicly announced the sale including in filings with the Securities and Exchange Commission.

2.    Plaintiffs' claims are barred by the statute of limitations in 15 U.S.C. § 15b.

3.    Plaintiffs' claims are barred because Plaintiffs have failed to allege with specificity, and/or cannot prove, the requisite elements of fraudulent concealment, equitable

estoppel, statutory tolling provisions, or any other theory under which Plaintiffs seek to toll the statute of limitations.

4.      Plaintiffs lack standing to bring or maintain this action.

5.      The Complaint fails to state, and Plaintiffs cannot prove, facts sufficient to constitute a cause of action against Meritor for conspiracy.

6.      Plaintiffs cannot prevail on their claims for injunctive relief against Meritor because Meritor has been out of the Exhaust System business for more than a decade, and Plaintiffs have not adequately alleged, and cannot establish, a cognizable danger of a recurrent alleged violation or threatened future harm by Meritor.

7.      The Complaint otherwise fails to state a cause of action on which relief can be granted against Meritor.

8.      Plaintiffs' claims and the claims of others alleged to be members of the putative class are barred in whole or in part because they have not sustained any cognizable injury or antitrust injury by reason of any action of Meritor or the alleged co-conspirators.

9.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs passed along to their own customers any "damages" allegedly suffered.

10.      If and to the extent the Complaint states claims for alleged injuries arising from purchases of Exhaust Systems outside the United States, Plaintiffs' claims are beyond the scope of United States federal and state antitrust law pursuant to the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

11.      If and to the extent the Complaint states claims for alleged injuries arising from purchases of Exhaust Systems outside the United States, Plaintiffs' claims under state law are barred, in whole or in part, by the Foreign Commerce Clause. U.S. Const. art. I, § 8, cl. 3.

12.    If and to the extent the Complaint states claims for alleged injuries arising from purchases of Exhaust Systems outside the United States, Plaintiffs' claims are barred, in whole or in part, by the doctrine of International Comity.

13.    Plaintiffs' claims are barred in whole or in part because their alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating their alleged damages.

14.    Plaintiffs may not assert causes of action on behalf of the putative classes because their claims are not typical of those of the putative classes. For this reason, among others, Plaintiffs cannot adequately represent the putative class.

15.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were not proximately caused by any act or omission related to Meritor.

16.    Plaintiffs are precluded from recovering damages, in whole or in part, because and to the extent of, their failure to mitigate damages.

17.    Plaintiffs' claims are barred by the doctrine of estoppel.

18.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

19.    The assignment of antitrust claims to Plaintiffs by third parties is barred by the doctrines of champerty and maintenance.

20.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, and equal responsibility.

21.    Plaintiffs lack standing to sue on behalf of unnamed subsidiaries or other unnamed entities.

22.    Venue for the action in this District is not proper.

23.     To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members are barred because all such conduct would have been committed by individuals acting ultra vires.

24.     Plaintiffs and any putative class members are barred from recovery of any damages because the Complaint fails to sufficiently allege or properly define a relevant market for the purpose of asserting a claim against Meritor.

25.     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Meritor's actions did not lessen competition in the relevant market.

26.     Plaintiffs' claims are barred, in whole or in part, to the extent that they are based on alleged acts, conduct, or statements that did not affect interstate commerce.

27.     Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

28.     Plaintiffs' claims for injunction or other equitable relief are barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

29.     Plaintiffs' claims are barred, in whole or in part, to the extent that any such claim is predicated on conduct expressly authorized by law.

30.     Plaintiffs' claims and claims of any putative class members are barred to the extent that they have agreed to arbitration or agreed to a different forum for the resolution of their claims.

31.     Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction,

occurrence, or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

32.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek damages that are duplicative of damages sought in other actions.

33.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, Meritor avers that it is entitled to set off any amounts paid to Plaintiffs by any other defendants who have settled, or do settle, Plaintiffs' claims against them in this matter.

34.     Plaintiffs' claims to certain remedies are barred, in whole or in part, to the extent that Plaintiffs have waived, under any applicable contract or otherwise, their rights to those remedies, including but not limited to treble damages and attorneys' fees.

35.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine because Plaintiffs did not suffer any personal injury or property damage.

36.     Meritor adopts by reference any applicable affirmative defense set forth by any other defendant not expressly set forth herein.

37.     Meritor reserves the right to assert other defenses as additional information becomes available. Meritor reserves the right to amend or seek to amend its Answer and/or affirmative defenses.

## RELIEF REQUESTED

WHEREFORE, Meritor prays that the Court dismiss the Complaint with prejudice, enter judgment in favor or Meritor, award Meritor its costs and expenses, including attorneys' fees, and award Meritor such other or further relief as is just and proper.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.

By  /s/ Larry J. Saylor
    A. Michael Palizzi (P47262)
    Larry J. Saylor (P28165)
150 W. Jefferson Avenue
Suite 2500
Detroit, MI  48226
(313) 963-6420
palizzi@millercanfield.com
saylor@millercanfield.com
Attorneys for Meritor, Inc.

Dated:  August 28, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ Larry J. Saylor

29547931.1\110425-00537

23