# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE:<br>EXHAUST SYSTEMS CASES | |
| | 2:16-cv-03701-MOB-MKM<br>2:16-cv-13968-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>DIRECT PURCHASER ACTIONS | 2:18-cv-12166 |

### ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT WITH TENNECO DEFENDANTS AND PROVISIONAL CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASS

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement with the Tenneco Defendants, and for Provisional Certification of a Direct Purchaser Tenneco Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the Tenneco Settlement Agreement (hereinafter, the "Settlement Agreement") are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

### Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should

be given to members of the proposed Settlement Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in a separate motion.

### Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All individuals and entities who purchased Automotive Exhaust Systems in the United States directly from Defendants (or their subsidiaries or affiliates) from January 1, 2002 through February 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

5. For purposes of the Settlement Class definition set forth above, the following entities are Defendants: Tenneco Inc.; Tenneco Automotive Operating Co., Inc.; Tenneco GmbH; Bosal Nederland, B.V.; Bosal Industries-Georgia, Inc.; Bosal USA, Inc.; Friedrich Boysen GmbH & Co. KG; Eberspacher Exhaust Technology GmbH & Co. KG; Eberspacher North America, Inc.; Faurecia SA; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Exhaust Systems, Inc.; and Meritor, Inc. f/k/a ArvinMeritor.

6. The Court finds that provisional certification of the Tenneco Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representatives' claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class representatives and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues

affecting the members of the Settlement Class.  The Court further finds that the Direct Purchaser Plaintiff Class representatives' interests are aligned with the interests of all other members of the Settlement Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

### Appointment of Class Representatives and Settlement Class Counsel

7. The Court hereby appoints Plaintiffs Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. to serve as Class Representatives for the Direct Purchaser Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the Tenneco Settlement Class having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

### Other Provisions

9. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, Tenneco, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings

concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11.     The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

12.     The Direct Purchaser Class litigation against the Tenneco Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Date:   September 17, 2018                         s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 17, 2018.

                                                    s/ Kay Doaks
                                                    Case Manager