**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** : | **Master File No. 12-md-02311** **Honorable Sean F. Cox** |
| **IN RE: EXHAUST SYSTEMS CASES** : | |
| **THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CASES** : | **2:16-cv-03701-SFC-RSW** **2:16-cv-13968-SFC-RSW** |

**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS WITH MERITOR AND BOSAL, FOR PROVISIONAL CERTIFICATION OF THE MERITOR AND BOSAL DIRECT PURCHASER SETTLEMENT CLASSES, AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER BOSAL, EBERSPÄCHER, FAURECIA, MERITOR, AND TENNECO SETTLEMENT CLASSES**

Direct Purchaser Plaintiffs Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. ("Plaintiffs") hereby move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the proposed settlements with Defendant Meritor, Inc., f/k/a ArvinMeritor ("Meritor") and with Bosal Industries-Georgia, Inc. and Bosal USA, Inc. ("Bosal"), for provisional certification of the Meritor Settlement Class and the Bosal Settlement Class (together, the "Proposed Settlement Classes"), and for authorization to disseminate notice of the proposed settlements with the Bosal and Meritor and related matters, to members of the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlement classes. In support of this motion, Plaintiffs rely upon the accompanying memorandum of law, which is incorporated by reference herein.

The parties do not request a hearing for this motion. Counsel for the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco Defendants consent to this motion and to the entry of the proposed

order preliminarily approving the proposed Meritor and Bosal settlements, provisionally certifying

the Proposed Settlement Classes, and authorizing dissemination of Notice.

DATED: July 10, 2020 2020 Respectfully submitted,

        /s/David H. Fink\
       David H. Fink (P28235)\
       Darryl Bressack (P67820)\
       Nathan J. Fink (P75185)\
       FINK BRESSACK\
       38500 Woodward Ave; Suite 350\
       Bloomfield Hills, MI 48304\
       Telephone: (248) 971-2500

       ***Interim Liaison Counsel for the Direct***\
       ***Purchaser Plaintiffs***

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | 1600 Market Street, Suite 2500 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA 19103 |
| Bannockburn, IL 60015 | Telephone: (215) 238-1700 |
| Telephone: (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jeffrey L. Spector |
| PRETI, FLAHERTY, BELIVEAU | SPECTOR ROSEMAN & KODROFF, P.C. |
|   & PACHIOS LLP | Two Commerce Square |
| One City Center, P.O. Box 9546 | 2001 Market Street, Suite 3420 |
| Portland, ME 04112-9546 | Philadelphia, PA 19103 |
| Telephone: (207) 791-3000 | Telephone: (215) 496-0300 |

***Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs***

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311** |
| | **HON. Sean F. Cox** |
| **In Re: EXHAUST SYSTEMS CASES** | |
| **THIS RELATES TO:** | **2:16-cv-03701-SFC-RSW** |
| | **2:16-cv-13968-SFC-RSW** |
| **ALL DIRECT PURCHASER ACTIONS** | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS WITH MERITOR AND BOSAL, FOR PROVISIONAL CERTIFICATION OF THE MERITOR AND BOSAL DIRECT PURCHASER SETTLEMENT CLASSES, AND FOR AUTHORIZATION TO DISSEMINATE NOTICE TO THE DIRECT PURCHASER BOSAL, EBERSPÄCHER, <u>FAURECIA, MERITOR, AND TENNECO SETTLEMENT CLASSES</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

STATEMENT OF ISSUES PRESENTED ..................................................................... vi

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............... viii

I.      INTRODUCTION ............................................................................................. 1

II.     BACKGROUND ............................................................................................... 1

III.    TERMS OF THE SETTLEMENT AGREEMENTS ............................................... 3

        A.      The Proposed Settlement Classes ....................................................... 4

        B.      The Settlement Amount ...................................................................... 5

        C.      Releases ............................................................................................. 5

        D.      Cooperation ....................................................................................... 6

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENTS IS
        WARRANTED. ................................................................................................. 6

        A.      The Governing Standards. .................................................................. 6

        B.      The Proposed Settlements Provide Valuable Benefits to the Proposed Settlement
                Classes ............................................................................................... 8

        C.      Consideration of the Final Approval Factors Supports Preliminary Approval of
                the Proposed Settlements. .................................................................. 8

                1.      The Class Representatives and Settlement Class Counsel Have Adequately
                        Represented the Proposed Settlement Classes, and the Settlements Were
                        Reached at Arm's Length. ...................................................... 10

                2.      The Relief Provided to the Proposed Settlement Classes is Adequate. .... 12

                        a.      The Costs, Risks, and Delay of Trial and Appeal. ........................ 13

                        b.      The Effectiveness of Any Proposed Method of Distributing Relief
                                to the Proposed Settlement Classes, Including the Method of
                                Processing Settlement Class Member Claims, if Required. .......... 16

                        c.      The Terms of Any Proposed Award of Attorneys' Fees, Including
                                Timing of Payment. ...................................................... 17

                        d.      There Are No Separate Agreements Relating to the Proposed
                                Settlements. ................................................................ 17

                3.      The Settlements Treat Settlement Class Members Equitably Relative to
                        Each Other. .......................................................................... 17

                4.      The Settlements Are Consistent with the Public Interest. ....................... 18

V.      PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER
        SETTLEMENT CLASSES IS WARRANTED. .................................................... 18

i

A.     The Proposed Settlement Classes Satisfy Rule 23(a). ............................................ 19

     1.     The Proposed Settlement Classes Are Sufficiently Numerous. ................ 20

     2.     There are Common Questions of Law and Fact. ..................................... 20

     3.     Plaintiffs' Claims are Typical of Those of the Proposed Settlement Classes. ................................................................................................... 21

     4.     Plaintiffs Will Fairly and Adequately Protect the Interests of the Proposed Settlement Classes. ................................................................. 22

B.     Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes. .............................................................................................................. 23

     1.     Common Legal and Factual Questions Predominate. ............................. 23

     2.     A Class Action is Superior to Other Methods of Adjudication. .............. 24

VI.     THE COURT SHOULD APPROVE THE NOTICE PLAN AND AUTHORIZE CLASS COUNSEL TO DISSEMINATE NOTICE TO THE PROPOSED SETTLEMENT CLASSES. .................................................................................................................. 26

VII.     PROPOSED TIMELINE FOR NOTICE AND FINAL APPROVAL ............................ 28

VIII.     CONCLUSION .............................................................................................................. 29

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................ 19, 23, 25

*Barry v. Corrigan*,
   79 F. Supp. 3d 712 (E.D. Mich. 2015) ................................... 20, 22

*Beattie v. CenturyTel, Inc.*,
   511 F.3d 554 (6th Cir. 2007) .................................................... 24

*Berry v. Sch. Dist. of City of Benton Harbor*,
   184 F.R.D. 93 (W.D. Mich. 1998) ............................................ 13

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 .................................................................................. 12

*Date v. Sony Electronics, Inc.*,
   2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) ................... 15, 20, 21

*Dick v. Sprint Commc'ns*,
   297 F.R.D. 283 (W.D. Ky. 2014) ............................................. 11

*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*,
   2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ...................... 20

*Ford v. Fed.-Mogul Corp.*,
   2015 WL 110340 (E.D. Mich. Jan. 7, 2015) ........................ 13, 15

*Gautreaux v. Pierce*,
   690 F.2d 616 ................................................................................. 7

*Granada Invs. Inc. v. DWG Corp.*,
   962 F. 2d 1203 (6th Cir. 1992) ................................................. 18

*Griffin v. Flagstar Bancorp, Inc.*,
   2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ................. Passim

*Hadix v. Johnson*,
   322 F.3d 895 (6th Cir. 2003) .................................................... 18

*Hillson v. Kelly Servs. Inc.*,
   2017 WL 279814 (E.D. Mich. 2017) ........................................ 18

*Hoving v. Lawyers Title Ins. Co.*,
   256 F.R.D. 555 (E.D. Mich. 2009) ........................................... 23

*In re Am. Med. Sys., Inc.*,
   75 F.3d 1069 (6th Cir. 1996) .................................................... 20

*In re Auto. Refinishing Paint Antitrust Litig.*,
   617 F. Supp. 2d. 336 (E.D. Pa. 2007) ................................. 11, 13

*In re Automotive Parts Antitrust Litig. (Wire Harness Cases)*,
   2017 WL 469734 (E.D. Mich. Jan. 4, 2017) ............................. 7

*In re Automotive Parts Antitrust Litig.*, No. 12-md-02311,
   2016 WL 9280050 (E.D. Mich. Nov. 28, 2016) ........................ 9

*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. 2003) ....................................... Passim

*In re Cardizem CD Antitrust Litig*,
   200 F.R.D. 297 (E.D. Mich. 2007) ........................................... 25

iii

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,*
  2010 WL 3341200 (W.D. Ky. Aug. 23, 2010)..........................................................11
*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,*
  248 F.R.D. 483 (E.D. Mich. 2008)....................................................................8, 15
*In re Flat Glass Antitrust Litig.,*
  191 F.R.D 472 (W.D. Pa. 1999)................................................................................21
*In re Flonase Antitrust Litig.,*
  284 F.R.D. 207 (E.D. Pa. 2012) ..............................................................................25
*In re Global Crossing Sec. & ERISA Litig.,*
  225 F.R.D. 436 (S.D.N.Y.2004)...............................................................................11
*In re Ikon Office Solutions, Inc., Sec. Litig.,*
  194 F.R.D. 166 (E.D. Pa. 2000).............................................................................16
*In re Linerboard Antitrust Litig.,*
  292 F. Supp. 2d 631 (E.D. Pa. 2003) ...................................................................8, 14
*In re NASDAQ Market-Makers Antitrust Litig.,*
  169 F.R.D. 493 (S.D.N.Y 1996).............................................................................26
*In re Packaged Ice Antitrust Litig.,*
  2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ................................................6, 7, 11
*In re Packaged Ice Antitrust Litig.,*
  08-MD-1952 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ............................Passim
*In re Polyurethane Foam Antitrust Litig.,*
  2015 WL 1639269 (N.D. Ohio Feb. 26, 2015), appeal dismissed ......................9, 10
*In re Scrap Metal Antitrust Litig.,*
  527 F.3d 517 (6th Cir. 2008).............................................................................23, 24
*In re Southeastern Milk Antitrust Litig.,* 2:07-CV-208,
  2013 WL 2155379 (E.D. Tenn. May 17, 2013) .......................................................11
*In re Southeastern Milk Antitrust Litig.,*
  2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010) ........................................................24
*In re Telectronics Pacing Sys. Inc.,*
  137 F. Supp. 2d 985 (S.D. Ohio 2001)............................................................6, 7, 13, 15
*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.,*
  722 F.3d 838 (6th Cir. 2013)..........................................................................19, 20, 22
*Ins. Brokerage Antitrust Litig.,*
  297 F.R.D. 136 (E.D. Pa. 2013) ..............................................................................26
*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.,*
  2006 WL 1984363 (E.D. Mich. July 13, 2006)...............................................Passim
*IUE-CWA v. General Motors Corp.,*
  238 F.R.D. 583 (E.D. Mich. 2006).........................................................................13
*Lessard v. City of Allen Park,*
  372 F. Supp. 2d 1007 (E.D. Mich. 2005)...............................................................13
*Marsden v. Select Medical Corp.,*
  246 F.R.D. 480 (E.D. Pa. 2007)..............................................................................20
*Mullane v. Cent. Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950).................................................................................................26
*Olden v. Gardner,*
  294 Fed. Appx. 210 (6th Cir. 2008) ........................................................................13

iv

*Paper Systems Inc. v. Mitsubishi Corp.*,
   193 F.R.D. 601 (E.D. Wisc. 2000) ........................................................................ 25

*Senter v. Gen. Motors Corp.*,
   532 F.2d 511 (6th Cir. 1976) ............................................................................... 22

*Sheick v. Auto. Component Carrier LLC*,
   2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ........................................... 13, 14, 15

*Sheick v. Automotive Component Carrier LLC*,
   2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) ............................................ 11, 22

*Sims v. Pfizer, Inc.*,
   2016 WL 772545 (E.D. Mich. Feb. 24, 2016) .................................................... 13

*Smith v. MCI Telecoms Corp.*,
   1993 WL 142006 (D. Kan. April 28, 1993) ........................................................ 16

*Sprague v. General Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ...................................................................... 19, 20, 22

*Thacker v. Chesapeake Appalachia, LLC*,
   259 F.R.D. 262 (E.D. Ky. 2009) .......................................................................... 19

*UAW v. Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ......................................................................... 9, 22, 26

*Van Horn v. Trickey*,
   840 F.2d 604 (8th Cir. 1988) ............................................................................... 12

*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir. 1983) .......................................................................... 13, 15

**Rules**

Fed. R. Civ. P. 23 .......................................................................................... Passim
Fed. R. Civ. P. 23(a) .................................................................................... 19, 23
Fed. R. Civ. P. 23(a)(1) ....................................................................................... 20
Fed. R. Civ. P. 23(a)(2) ................................................................................ 20, 21
Fed. R. Civ. P. 23(a)(3) ................................................................................ 21, 22
Fed. R. Civ. P. 23(a)(4) ................................................................................ 22, 23
Fed. R. Civ. P. 23(b) .................................................................................... 19, 23
Fed. R. Civ. P. 23(b)(3) ................................................................................. Passim
Fed. R. Civ. P. 23(c)(2)(B) .......................................................................... 26, 27
Fed. R. Civ. P. 23(c)(3) ..................................................................................... 26
Fed. R. Civ. P. 23(e) ..................................................................................... Passim
Fed. R. Civ. P. 23(e)(1) ..................................................................................... 26
Fed. R. Civ. P. 23(e)(1)(A) ................................................................................. 7
Fed. R. Civ. P. 23(e)(1)(B) ............................................................................ 7, 19
Fed. R. Civ. P. 23(e)(2) ........................................................................... 7, 8, 9, 10
Fed. R. Civ. P. 23(e)(3) ....................................................................................... 9
Fed. R. Civ. P. 23(g) ......................................................................................... 23

## STATEMENT OF ISSUES PRESENTED

1.    Should the Court determine that the proposed settlements between Direct Purchaser Plaintiffs Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. ("Plaintiffs") and Defendant Meritor, Inc. f/k/a ArvinMeritor ("Meritor"), and Defendants Bosal Industries-Georgia, Inc. and Bosal USA, Inc. ("Bosal") (Meritor and Bosal are collectively the "Settling Defendants"), as set forth in the Settlement Agreements between Plaintiffs and the Settling Defendants, are sufficiently fair, reasonable and adequate to warrant preliminary approval?

Suggested Answer:  Yes.

2.    Should the Court provisionally certify a Meritor Settlement Class and a Bosal Settlement Class (collectively, the "Proposed Settlement Classes") under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the Meritor and Bosal settlements only?

Suggested Answer:  Yes.

3.    Should the Court appoint Plaintiffs as the representatives for the Proposed Settlement Classes, and the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. as Co-Lead Class Counsel for the Proposed Settlement Classes ("Settlement Class Counsel")?

Suggested Answer:  Yes.

4.    Should the Court authorize the dissemination of notice to members of the settlement classes, in the form and manner proposed herein, of: (a) the proposed settlement with Bosal; (b) the proposed settlement with Meritor; (c) the proposed settlement with Defendants Eberspächer Exhaust Technology GmbH & Co. KG and Eberspächer North America, Inc. (collectively, "Eberspächer" or the "Eberspächer Defendants"); (d) the proposed settlement with Defendants Faurecia Emissions Control Technologies, USA,

vi

LLC and Faurecia Exhaust Systems, Inc. (collectively, "Faurecia" or the "Faurecia Defendants"); (e) the proposed settlement with Tenneco Inc., Tenneco Automotive Operating Co., Inc., and Tenneco GmbH (collectively, "Tenneco" or the "Tenneco Defendants") (all Defendants referenced in this paragraph collectively, the "Defendants"); (f) the proposed plan of distribution of the Bosal, Meritor, Eberspächer, Faurecia, and Tenneco settlement funds; (g) Settlement Class Counsel's request for attorneys' fees and reimbursement of expenses; and (h) Settlement Class Counsel's request for incentive payments to the class representatives?

Suggested Answer:  Yes.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, ECF No. 497 (E.D. Mich.
    June 20, 2016)

*Date v. Sony Electronics, Inc.*,
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.,*
    No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re: Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

## I.       INTRODUCTION

Plaintiffs, on behalf of Proposed Settlement Classes comprised of direct purchasers of Automotive Exhaust Systems in the United States, have reached settlements with Meritor and Bosal. Under the terms of the proposed settlement between Plaintiffs and Meritor, Meritor will pay $1,000,000.[1] Under the terms of the proposed settlement between Plaintiffs and Bosal, Bosal will pay $48,000. Additionally, Meritor and Bosal have agreed to provide substantial cooperation to assist Plaintiffs in the prosecution of the claims until final approval of all settlements reached in this case, should such cooperation be needed.

Plaintiffs respectfully move this Court for an Order preliminarily approving the proposed settlements with Meritor and Bosal and provisionally certifying the Proposed Settlement Classes. Plaintiffs also move the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order authorizing the dissemination of notice to the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlement classes about the proposed settlements with those Defendants, a proposed plan for distributing the settlement funds, Settlement Class Counsel's request for an award of attorneys' fees and litigation expenses, and the request for incentive payments to the class representatives.

## II.      BACKGROUND

In November 2016, a class action lawsuit was filed by Plaintiffs Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. against Defendants Bosal Nederland, B.V.[2]; Bosal Industries-Georgia, Inc.; Bosal USA, Inc.; Friedrich Boysen GmbH & Co. KG; Eberspächer

---

[1] As discussed in Section III. B of this Memorandum, the Meritor Agreement gives Meritor the right to withdraw from the settlement, or to reduce the amount of the settlement to no less than $500,000, based upon valid and timely requests for exclusion by members of the Meritor Settlement Class.

[2] On August 30, 2018, Bosal Nederland B.V. was dismissed from this lawsuit. *See* 2:16-cv-03701, ECF No. 63.

Exhaust Technology GmbH & Co. KG; Eberspächer North America, Inc.; Faurecia SA[3]; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Exhaust Systems, Inc.; and Meritor, Inc. f/k/a ArvinMeritor, on behalf of direct purchasers of "Automotive Exhaust Systems."[4] *Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. v. Bosal Nederland, B.V., et al.,* 2:16-cv-13968, ECF No. 1 (E.D. Mich.).

In July 2018, Plaintiffs filed a Complaint against Defendants Tenneco Inc., Tenneco Automotive Operating Co., Inc., and Tenneco GmbH. *Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. v. Tenneco Inc., et al.,* 2:16-cv-03701, 2:18-cv-12166-SFC-EAS, ECF No. 1 (E.D. Mich.).

In November 2018, Plaintiffs filed a Complaint against Defendant Boysen USA, LLC. *Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc. v. Boysen USA, LLC.,* 2:16-cv-03701, 2:18-cv-13688, ECF No. 1 (E.D. Mich.).

In these Complaints, Plaintiffs allege that Defendants conspired to raise, fix, maintain, and stabilize prices, rig bids, and allocate the supply of Automotive Exhaust Systems sold in the United States, in violation of federal antitrust laws. Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Automotive Exhaust Systems were injured by paying more for those products than they would have paid in the absence of the alleged illegal

---

[3] On August 28, 2017, Faurecia SA was voluntarily dismissed from this lawsuit. *See* 2:16-cv-03701, ECF No. 17.

[4] "Automotive Exhaust Systems" refers to manifolds, flex pipes, catalytic converters, converters, diesel oxidation catalysts, diesel particulate filters, oxygen sensors, isolators, gaskets, clamps, resonator assemblies, pipe accessories, mufflers, muffler assemblies, and tubes. An exhaust system has a 'hot end,' which is the part of the exhaust system that is mounted to the engine (generally comprising the manifold and/or catalytic converter) and a 'cold end,' which is the part of the exhaust system that is mounted to the underbody of the car (and contains, for example, the muffler, pipes and/or the catalytic converter).

conduct, and Plaintiffs seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

On September 17, 2018, the Court preliminarily approved settlements with the Faurecia and Tenneco Defendants for $1,900,000 and $9,000,000, respectively. (2:16-cv-03701, ECF Nos. 65, 66). On June 26, 2019, the Court preliminarily approved a settlement with the Eberspächer Defendants in the amount of $1,850,000. (2:16-cv-03701, ECF No. 77). For each settlement, the Court also found that a proposed settlement class of direct purchasers of Automotive Exhaust Systems could be certified pursuant to Fed. R. Civ. P. 23(b)(3). Pursuant to the terms of the settlement agreements, those payments have been placed into an interest-bearing escrow account. Including the Meritor and Bosal settlement proceeds, the total settlement funds in this litigation are $13,798,000, plus accrued interest.

## III.    TERMS OF THE SETTLEMENT AGREEMENTS

After months of negotiations with Meritor's counsel, Plaintiffs reached a settlement (attached as Exhibit 1) with Meritor on October 30, 2019. On June 2, 2020, following extensive negotiations with Bosal's attorneys, Plaintiffs entered into a settlement with Bosal (attached as Exhibit 2). Each of these settlement agreements was executed after arm's-length and good-faith negotiations between experienced and sophisticated counsel. During the negotiations, the merits of the respective parties' positions were discussed and evaluated. As part of the settlement negotiations, the parties communicated extensively, and Settlement Class Counsel analyzed information provided to them by Defendants, relevant industry data, and other pertinent information.

The settlements with Meritor and Bosal are the result of these good-faith negotiations, after factual investigation and legal analysis by experienced counsel, and are based upon the attorneys' full understanding of the strengths and weaknesses of their claims and defenses and their clients'

respective positions. Plaintiffs believe that the proposed settlements are fair, reasonable and adequate for the Proposed Settlement Classes.

The material terms of the proposed settlement are summarized below.

### A.    The Proposed Settlement Classes

Plaintiffs and Meritor seek certification, for purposes of the settlement for Meritor only, of the Proposed Meritor Settlement Class, which is defined as follows:

> All individuals and entities who purchased Automotive Exhaust Systems in the United States directly from any of the Defendants (or their subsidiaries or affiliates) from January 1, 2002 through February 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

Exhibit 1 at ¶ 10.

For purposes of the Proposed Meritor Settlement Class definition, the following entities are Defendants: Tenneco Inc.; Tenneco Automotive Operating Co., Inc.; Tenneco GmbH; Bosal Nederland, B.V.; Bosal Industries-Georgia, Inc.; Bosal USA, Inc.; Friedrich Boysen GmbH & Co. KG; Eberspächer Exhaust Technology GmbH & Co. KG; Eberspächer North America, Inc.; Faurecia SA; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Exhaust Systems, Inc.; and Meritor, Inc. f/k/a ArvinMeritor. Exhibit 1 at ¶ 4.

Plaintiffs and Bosal seek certification, for purposes of the Bosal settlement only, of the Bosal Settlement Class, which is defined as follows:

> All individuals and entities who purchased Automotive Exhaust Systems in the United States directly from Defendants (or their subsidiaries or affiliates) from January 1, 2002 through February 12, 2018.  Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

4

Exhibit 2 at ¶ 8.

For purposes of the Proposed Bosal Settlement Class definition, the following entities are Defendants: Tenneco Inc.; Tenneco Automotive Operating Co., Inc.; Tenneco GmbH; Bosal Industries-Georgia, Inc.; Bosal USA, Inc.; Friedrich Boysen GmbH & Co. KG; Eberspächer Exhaust Technology GmbH & Co. KG; Eberspächer North America, Inc.; Faurecia SA; Faurecia Emissions Control Technologies, USA, LLC; Faurecia Exhaust Systems, Inc.; and Meritor, Inc. f/k/a ArvinMeritor. Exhibit 2 at ¶ 2.

### B.   The Settlement Amount

The Meritor Settlement Amount for Automotive Exhaust Systems is $1,000,000.[5] Meritor will pay the settlement funds into an interest-bearing escrow account. Exhibit 1 at ¶ 23. The Bosal Settlement Amount for Automotive Exhaust Systems is $48,000. Bosal will pay the settlement funds into an interest-bearing escrow account. Exhibit 2 at ¶ 21. The settlement amounts constitute meaningful recoveries and reflect consideration of information obtained through Settlement Class Counsel's factual investigation and legal analysis.

### C.   Releases

Each Settlement Agreement provides, *inter alia*, for the release by Plaintiffs and the other members of that Proposed Settlement Class of certain claims concerning sales of Automotive Exhaust Systems to customers who purchased those products in the United States directly from a Defendant.

---

[5] In accordance with the terms set forth in a confidential letter agreement between Meritor and the Settlement Class, the Settlement Amount is subject to reduction or rescission based upon valid and timely requests for exclusion by members of the Meritor Settlement Class. The confidential letter will be provided to the Court for *in camera* review upon its request. Exhibit 1 at ¶ 31.

The releases specifically exclude certain claims against Meritor and Bosal, including claims based upon indirect purchases of Automotive Exhaust Systems; claims based on negligence, personal injury, or product defects; claims relating to purchases of Automotive Exhaust Systems outside the United States; and claims concerning any product other than Automotive Exhaust Systems. Exhibit 1 at ¶ 21; Exhibit 2 at ¶ 19.

### D.    Cooperation

These settlements relate to Meritor and Bosal only. Meritor and Bosal have agreed to assist Plaintiffs in the prosecution of this litigation by each providing cooperation until the entry of the final judgment or dismissal of all remaining Defendants in the action, including: (a) the production of documents, data and other information potentially relevant to Plaintiffs' claims; (b) assistance in understanding information produced to Plaintiffs and facilitating the use of such information at trial; (c) attorney proffers; (d) witness interviews; and (e) depositions. Exhibit 1 at ¶¶ 43-47; Exhibit 2 at ¶ 39.

## IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENTS IS WARRANTED.

### A.    The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, ECF No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001)). *See also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

The 2018 amendments to Rule 23 codified the preliminary approval process. First, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice "is justified by the parties' showing that the court will likely be able to: (1) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The amended Rule 23(e) preliminary approval procedure is substantively the same as that previously approved in the Sixth Circuit and applied by this Court in prior *Auto Parts Litigation* settlements, namely a preliminary two-part determination that (1) the settlement is approvable and (2) the settlement class can be certified. *See, e.g., In re Automotive Parts Antitrust Litig. (Wire Harness Cases),* 2017 WL 469734, at *1 (E.D. Mich. Jan. 4, 2017) (granting preliminary approval upon making preliminary determinations that the settlement was approvable and a settlement class could be certified); *Packaged Ice*, 2010 WL 3070161 at *4 (determining "whether the proposed settlement has the 'potential' for final approval and … whether there is reason enough to notify class members and to proceed with a fairness hearing") (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)).

The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F.

7

Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006). A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming that it will meet the more rigorous standards applied for final approval. The standard for final approval of a class action settlement is whether the proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008). The final determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

**B.    The Proposed Settlements Provide Valuable Benefits to the Proposed Settlement Classes.**

The settlements provide for cash payments by Meritor and Bosal of $1,000,000 and $48,000, respectively. The settlement amounts constitute meaningful recoveries and reflect consideration of information obtained through Settlement Class Counsel's factual investigation and legal analysis.

**C.    Consideration of the Final Approval Factors Supports Preliminary Approval of the Proposed Settlements.**

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and finding that the settlement is "fair, reasonable, and adequate." *See In re Packaged Ice Antitrust Litig.*, No 08-MD-1952, 2011 WL 717519, at *8 (E.D. Mich. Feb. 22, 2011). As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed settlement, only that it is likely that it would.  Here, initial consideration of the final approval factors supports preliminary approval of the Meritor and Bosal settlements.

The 2018 amendments to Rule 23(e) set forth a list of factors for a court to consider before approving a proposed settlement as "fair, reasonable, and adequate." The factors are whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i)  the costs, risks, and delay of trial and appeal;
>>
>> (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
>>
>> (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv)  any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Historically, courts in the Sixth Circuit have considered factors comparable to those in Rule 23(e)(2) in determining whether a settlement is approvable. *See In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2016 WL 9280050, at *5 (E.D. Mich. Nov. 28, 2016) (considering "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest"). *Accord UAW v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *Griffin v. Flagstar Bancorp, Inc.,* No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015). The Advisory Committee Notes to Rule 23 acknowledge these judicially created standards, explaining that the newly enumerated

Rule 23(e) factors are "core concerns" in every settlement and were not intended to displace a court's consideration of other relevant factors in a particular case. Fed. R. Civ. P. 23 Advisory Committee Note (2018 Amendment).

Accordingly, Plaintiffs will address the "fair, reasonable and adequate" factors under Rule 23(e)(2) and the Sixth Circuit's and this Court's prior preliminary approval decisions. A review of the factors supports preliminary approval of the Meritor and Bosal settlements.

### 1. The Class Representatives and Settlement Class Counsel Have Adequately Represented the Proposed Settlement Classes, and the Settlements Were Reached at Arm's Length.

The first two factors of Rule 23(e)(2) (adequate representation by the class representative and class counsel and whether the settlement was reached at arm's length) are procedural and focus on the history and conduct of the litigation and settlement negotiations. Fed. R. Civ. P. 23 Advisory Committee Note. Relevant considerations may include the experience and expertise of plaintiffs' counsel, the quantum of information available to counsel negotiating the settlement, the stage of the litigation and amount of discovery taken, the pendency of other litigation concerning the subject matter, the length of the negotiations, whether a mediator or other neutral facilitator was used, the manner of negotiation, whether attorneys' fees were negotiated with the defendant and if so how they were negotiated and their amount, and other factors that may demonstrate the fairness of the negotiations. *Id.*

Plaintiffs and Settlement Class Counsel have adequately represented the Proposed Settlement Classes in connection with the Meritor and Bosal settlements and the litigation in general. The Plaintiffs' interests are the same as those of the members of the Proposed Settlement Classes, and Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the

inception of the *Automotive Parts Antitrust Litigation* and negotiated the Meritor and Bosal settlements at arm's length with well-respected and experienced counsel for Meritor and Bosal. There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford,* 2006 WL 1984363, at *26; *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *19-20 (E.D. Mich. Aug. 02, 2010). Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d. 336, 341 (E.D. Pa. 2007).

The negotiations that led to the settlements were at all times conducted at arm's length—with respect to Bosal, they were facilitated by a mediator—and took months to complete. Plaintiffs obtained relevant information about the Automotive Exhaust Systems conspiracy through both Settlement Class Counsel's investigation and formal discovery, which included, *inter alia*, serving requests for production of documents and interrogatories.[6] This information and Settlement Class

---

[6] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor. *Packaged Ice*, 2010 WL 3070161, at *5-6. The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)).

Counsel's legal analysis allowed Settlement Class Counsel to effectively evaluate not only the strengths and weaknesses of the legal cases but, with respect to Bosal, information relating to its financial condition and significant risks relating to the collectability of any future judgment. Based on this information, Settlement Class Counsel believe that the proposed settlements with Meritor and Bosal are fair, reasonable, and in the best interests of the Proposed Settlement Classes, and their opinion supports both preliminary (and final) approval of the settlements.[7]

Because the proposed settlements were negotiated at arm's length by experienced counsel knowledgeable about the facts and the law, consideration of this factor fully supports preliminary approval of the settlements.

### 2.   The Relief Provided to the Proposed Settlement Classes is Adequate.

The relief provided to the Proposed Settlement Classes consists of cash payments by Meritor and Bosal of $1,000,000 and $48,000, respectively, together with cooperation by Meritor and Bosal, which is valuable to the members of the Proposed Settlement Classes as they continue to pursue final approval of their settlements with the other Defendants. Settlement Class Counsel believe that the payment and cooperation are adequate relief for the Proposed Settlement Classes.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor

---

[7] There was no negotiation of attorneys' fees. At an appropriate time, Plaintiffs' counsel will file a motion seeking an award of attorneys' fees and expenses.

of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998).

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013)). *Accord Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Williams v. Vukovich,* 720 F.2d 909, 921-23 (6th Cir. 1983)); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

### a. The Costs, Risks, and Delay of Trial and Appeal.

When considering the adequacy of the relief to the class in determining the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick*, 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D.

Mich. Jan. 7, 2015). These risks must be weighed against the settlement consideration: here the certainty of cash payments by Meritor ($1,000,000) and Bosal ($48,000), plus cooperation, which is valuable to the members of the Proposed Settlement Classes as they continue to pursue final approval of settlements with the other Defendants. *See Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d 643).

Settlement Class Counsel believe that the settlements provide excellent results. Weighing the settlements' benefits against the risks and costs of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9. Plaintiffs are optimistic about the likelihood of ultimate success in this case, but success is not certain. While Meritor and Bosal have not pleaded guilty in any criminal proceeding in the United States with respect to Automotive Exhaust Systems, as this Court has previously noted, success in a related civil action is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the Department of Justice. That is because, among other things, the DOJ is not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, and the outcome of litigating those issues is uncertain. *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 11.

Meritor and Bosal are represented by highly experienced and competent counsel. Meritor and Bosal undoubtedly would deny Plaintiffs' allegations of liability and damages and assert a number of defenses, and Plaintiffs believe Meritor and Bosal are prepared to defend this case through trial and appeal. Risk is inherent in any litigation, and this is particularly true with respect to class actions. So, while optimistic about the outcome of this litigation, Plaintiffs must

acknowledge the risk that Meritor and Bosal could prevail with respect to certain legal or factual issues, which could reduce or eliminate any potential recovery.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (quoting *Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are "inherently complex." *Telectronics,* 137 F. Supp. 2d at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

As this case is still ongoing until final approval is granted, it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation as Defendants could seek to use any such disclosures against Plaintiffs going forward if final approval is not granted. Settlement Class Counsel believe that at this point it is sufficient to state that complex antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922-23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the inception of the *Automotive Parts Antitrust Litigation* and negotiated these settlements at arm's length with well-respected and experienced counsel for Meritor and Bosal. Settlement Class Counsel believe that the proposed settlements eliminate the risks, expense and delay with respect to a recovery from Meritor and Bosal, while ensuring a substantial payment to the Proposed Settlement Classes, and provides the Proposed Settlement Classes with valuable cooperation until final approval is granted with respect to the other Defendants. This factor also supports preliminary approval of the proposed settlements.

> **b. The Effectiveness of Any Proposed Method of Distributing Relief to the Proposed Settlement Classes, Including the Method of Processing Settlement Class Member Claims, if Required.**

This case does not present any difficulties in identifying claimants or distributing settlement proceeds. Consistent with the practice in previously approved *Automotive Parts Antitrust Litigation* direct purchaser settlements, Settlement Class Counsel presently intend to propose that the net settlement funds be distributed *pro rata* to approved claimants. Claims will be processed using a settlement claims administrator to review claim forms, to assist Settlement Class Counsel in making recommendations to the Court concerning the disposition of those claims, and to mail checks to approved claimants for their pro-rata shares of the net settlement funds.

As a general rule, a plan of allocation that reimburses class members based on the type and extent of their injuries is a reasonable one. *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000); *Smith v. MCI Telecoms Corp.*, No. Civ. A. 87-2110-EEO, 1993 WL 142006, at *2 (D. Kan. April 28, 1993); 4 Alba Conte & Herbert Newberg, Newberg on Class Actions, §12.35, at 350 (4th ed. 2002) ("Newberg") (noting that pro-rata allocation of a settlement

fund "is the most common type of apportionment of lump sum settlement proceeds for a class of purchasers" and "has been accepted and used in allocating and distributing settlement proceeds in many antitrust class actions"). This Court, and numerous others, have approved similar pro-rata distribution plans. *See, e.g.,* 2:12-cv-00601, ECF No. 172; 2:12-cv-00101, ECF No. 572; 2:13-cv-01001, ECF No. 61. This factor supports preliminary approval.

### c. The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment.

The settlement agreements provide that attorneys' fees shall be paid solely out of the settlement funds subject to court approval, and that final approval of the settlements are not contingent on the outcome of any petition for attorneys' fees. Exhibit 1 at ¶¶ 38-40; Exhibit 2 at ¶¶ 35-37. Settlement Class Counsel intend to seek attorneys' fees of approximately 30% of the settlement funds, consistent with previous fee petitions and awards approved by this Court in the *Automotive Parts Antitrust Litigation.* This factor supports preliminary approval.

### d. There Are No Separate Agreements Relating to the Proposed Settlements.

The settlement agreements and confidential letter referenced in footnote 4, *supra,* reflect all of the agreements and understandings relating to the proposed settlements, and there are no separate agreements that would affect the settlement amounts, the eligibility of class members to participate in the settlements or exclude themselves from them, or the treatment of class members' claims. This factor is therefore neutral.

### 3. The Settlements Treat Settlement Class Members Equitably Relative to Each Other.

Settlement Class members will be treated equitably relative to each other in terms of their eligibility for a pro-rata portion of the settlement funds and their right to opt-out. Likewise, each class member gives the same releases.

The settlement agreements contemplate that Settlement Class Counsel may seek incentive awards for the class representatives, as has been done in other cases. Such awards are justified as an incentive and reward for the efforts that lead plaintiffs take on behalf of the class. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). The settlements were provided to the class representatives for their review and approval without any discussion of incentive awards, which evinces that the prospect of such awards was not the reason the representative plaintiffs approved them. *Hillson v. Kelly Servs. Inc.*, 2017 WL 279814, at *6 (E.D. Mich. 2017). Plaintiffs submit that this factor supports preliminary approval.

**4.     The Settlements Are Consistent with the Public Interest.**

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992). *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiffs submit that there is no countervailing public interest that provides a reason to disapprove the proposed settlements with Meritor and Bosal. *Griffin*, 2013 WL 6511860, at *5. This factor also supports approval.

Consideration of the above factors supports preliminary approval of the proposed settlements with Meritor and Bosal. Settlement Class Counsel respectfully submit that the proposed settlements are in the best interests of the Proposed Settlement Classes and should be preliminarily approved.

**V.     PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASSES IS WARRANTED.**

Rule 23 as amended now explicitly requires the Court to determine whether it is likely to be able to certify the proposed settlement class for purposes of judgment on the settlement

proposal. Fed. R. Civ. P. 23(e)(1)(B). It is well established that a class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 24. At this juncture, the Court need only decide that certification of the Proposed Settlement Classes is "likely" in order to justify sending notice to members of the Proposed Settlement Classes. Plaintiffs will later seek final approval of the Proposed Settlement Classes for purposes of the settlements. *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17. As they did with their preliminary approval analysis, Plaintiffs will address the factors for final certification here. *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[8]

As demonstrated below, the Proposed Settlement Classes meet all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes, and therefore it is likely that the Court will be able to certify the Proposed Settlement Classes.

### A.    The Proposed Settlement Classes Satisfy Rule 23(a).

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

---

[8] Paragraph 24 of the proposed Meritor and Bosal Preliminary Approval Order provides that provisional certification of the Proposed Settlement Class will be without prejudice to the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. *See Packaged Ice*, 2011 WL 717519, at *7.

representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5; *Date,* 2013 WL 3945981, at *3.

### 1. The Proposed Settlement Classes Are Sufficiently Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason. *Whirlpool*, 722 F.3d at 852 (noting that a "substantial" number of class members satisfies numerosity). Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, Settlement Class Counsel believe that there are hundreds of direct purchasers of Automotive Exhaust Systems, geographically dispersed throughout the United States. Thus, joinder of all members of the Proposed Settlement Classes would be impracticable, satisfying Rule 23(a)(1).

### 2. There are Common Questions of Law and Fact.

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class." "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation." *Sprague*, 133 F.3d at 397. *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992)). Here, whether Defendants entered into an agreement to artificially fix prices of Automotive Exhaust Systems is a factual question common to all members of the Proposed Settlement Classes because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 25. Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws and the impact on members of the Proposed Settlement Classes. *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity, focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3. Plaintiffs' Claims are Typical of Those of the Proposed Settlement Classes.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at *19); *Date*, 2013 WL 3945981, at *3.

21

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399). Here, Plaintiffs' claims arise from the same course of conduct as the claims of the other members of the Proposed Settlement Classes, namely, the Defendants' alleged violations of the antitrust laws. Plaintiffs and the Proposed Settlement Classes are proceeding on the same legal claim and same alleged violation of Section 1 of the Sherman Antitrust Act. *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4. Plaintiffs Will Fairly and Adequately Protect the Interests of the Proposed Settlement Classes.

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick*, 2010 WL 3070130, at *3 (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here. The interests of the proposed representatives of the Proposed Settlement Classes, Plaintiffs Manny's Auto Supply, Inc. and Irving Levine Automotive Distributors, Inc., are aligned with those of the other members of the Proposed Settlement Classes. Plaintiffs are direct purchasers of Automotive Exhaust Systems from one or more of the Defendants in the United States. Plaintiffs and the other members of the Proposed Settlement Classes claim that they were injured as a result of the alleged conspiracy and seek to prove that Defendants violated the antitrust laws. Plaintiffs' interests are thus aligned with those of the Proposed Settlement Classes.

Moreover, Plaintiffs have retained qualified and experienced counsel to pursue this action.[9] Settlement Class Counsel and other counsel with whom they are working have vigorously represented Plaintiffs and the Proposed Settlement Classes in the settlement negotiations with Meritor and Bosal and have vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

**B.    Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes.**

In addition to satisfying Rule 23(a), Plaintiffs must show that the putative classes fall under at least one of the three subsections of Rule 23(b). Here, the Proposed Settlement Classes qualify under Rule 23(b)(3), which authorizes class certification if "[1] questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… [2] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Scrap Metal Antitrust Litig.,* 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

**1.    Common Legal and Factual Questions Predominate.**

The Rule 23(b)(3) requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive to warrant certification." *Amchem*, 521 U.S. at 623. The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues

---

[9] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class. The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* direct purchaser cases. They submit that, for the same reasons that the Court appointed them to those positions, their appointment as Settlement Class Counsel is appropriate.

that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question. *See, e.g., Automotive Parts*, 2:12-cv-00103, ECF No. 497, at 27; *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010). Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members'…. Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied." 527 F.3d at 535 (emphasis in original).

In this case, the same core set of operative facts and theory of liability apply across the Proposed Settlement Classes. As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Automotive Exhaust Systems is a question common to all members of the Proposed Settlement Classes because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects. *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6. If Plaintiffs and the other members of the Proposed Settlement Classes were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability. Therefore, common proof of Defendants' violations of antitrust law will predominate.

## 2.     A Class Action is Superior to Other Methods of Adjudication.

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of

the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Automotive Exhaust Systems litigation has been centralized in this Court. If a member of the Proposed Settlement Classes wants to control its own litigation, it can request exclusion from either or both of the Proposed Settlement Classes. Thus, consideration of factors (1) – (3) demonstrates the superiority of a class action.

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the settlement will end the litigation without a trial. *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Proposed Settlement Classes are not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own." *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)). Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Proposed Settlement Classes. *See, e.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury."). The alternatives to a class action are a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re*

*Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive. *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## VI.    THE COURT SHOULD APPROVE THE NOTICE PLAN AND AUTHORIZE CLASS COUNSEL TO DISSEMINATE NOTICE TO THE PROPOSED SETTLEMENT CLASSES.

The 2018 amendments to Federal Rule of Civil Procedure 23 provide that, "upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3) [ ] the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. Rule 23(e) notice must contain a summary of the litigation sufficient "to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). *Accord In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 151 (E.D. Pa. 2013). In addition, the "notice must clearly and concisely state in plain, easily understood language": (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who validly requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3). *Id*.

The notice program and forms of notice proposed by Plaintiffs satisfy these requirements. The Notice of Proposed Settlements of Direct Purchaser Class Action with the Bosal, Eberspächer,

Faurecia, Meritor, and Tenneco Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form ("Notice") (attached as Exhibit 3) sets forth all information required by Rule 23(c)(2)(B) and 23(e)(1), and also apprises members of the settlement classes that Settlement Class Counsel will propose a plan of distribution of the settlement proceeds[10] and seek an award of attorneys' fees and expenses and incentive payments for the class representatives. The Notice will be disseminated by first class mail, postage prepaid, to all entities identified by Defendants as potential members of the settlement classes. The Notice will also be provided to all persons who request it in response to the Summary Notice or the Press Release. In addition, a copy of the Notice will be posted on the website dedicated to this litigation.

The Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco Defendants and Hearing on Settlement Approval and Related Matters ("Summary Notice") (attached as Exhibit 4) will be published in one edition of *Automotive News*. Additionally, an online banner notice will appear approximately 15,000 times over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, an Informational Press Release (the "Press Release") (attached as Exhibit 5) will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.[11]

---

[10] As noted above, Settlement Class Counsel will propose that members of the settlement classes receive a *pro rata* share of the settlement proceeds based upon their Automotive Exhaust Systems purchases during the Class Period. Details of the plan of distribution are set forth in the proposed Notice. A Proof of Claim Form will be sent to members of the settlement classes along with the Notice.

[11] These proposed forms of notice and timeline for the notice program are substantially similar to those approved by the Court in other auto parts cases, *Air Conditioning Systems* (2:13-cv-02701, ECF No. 168)*, Power Window Motors* (2:13-cv-02301, ECF No. 79)*, Windshield Washer Systems* (2:13-cv-02801, ECF No. 109), and *Windshield Wiper Systems* (2:3-cv-00901, ECF No. 116).

Plaintiffs believe that the content of the Notice, Summary Notice, online banner notice, and Press Release, and the proposed method for their dissemination, fulfill the requirements of Rule 23 and due process. *See In re Packaged Ice Antitrust Litig.,* No. 08-MD-01952, 2011 WL 717519, at *5 (E.D. Mich. Feb. 22, 2011). Accordingly, approval of the notice program is appropriate.

## VII.    PROPOSED TIMELINE FOR NOTICE AND FINAL APPROVAL

Plaintiffs propose the following schedule for disseminating notice of the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlements, and related matters:

1.    Within twenty (20) days of the date of entry of the Notice Order, the Notice shall be mailed by first class mail, postage prepaid, to all potential members of the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlement classes identified by Defendants, and shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation;

2.    Within thirty (30) days of the date of entry of the Notice Order, the Summary Notice shall be published in one edition of *Automotive News*. Additionally, an online banner notice will appear approximately 15,000 times over a 21-day period on www.AutoNews.com, the digital version of *Automotive News*. To supplement the notice program further, the Press Release will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications;

3.    Within fifty (50) days from the date of entry of the Notice Order, Settlement Class Counsel shall file with the Court their motion or motions seeking final approval of the proposed settlements with the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco Defendants, and requests for an award of attorneys' fees and reimbursement of expenses and incentive payments to the class representatives;

---

28

4.      All requests for exclusion from any of the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlement classes must be submitted in writing, postmarked no later than seventy (70) days from the date of entry of the Notice Order, and must otherwise comply with the requirements set forth in the Notice;

5.      All objections by any member of the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlement classes to any of those proposed settlements, to the proposed plan of distribution, the requests for attorneys' fees and reimbursement of expenses, or to incentive payments to the class representatives must be submitted in writing, must be filed with the Clerk of Court, must be postmarked no later than seventy (70) days from the date of the Notice Order, and must otherwise comply with the instructions set forth in the Notice;

6.      At least ten (10) days before the date fixed by the Court for the fairness hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with the Notice Order; and

7.      The fairness hearing on final approval of the proposed settlements and related matters shall be scheduled at the Court's convenience on a date on or after one hundred and five (105) days from the date of entry of the Notice Order.

The foregoing deadlines are substantially similar to those approved by the Court in connection with final approval of prior settlements in the *Automotive Parts Antitrust Litigation.*

## VIII.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the Meritor and Bosal settlements, provisionally certify the Proposed Settlement

Classes, and authorize the dissemination of notice to members of the Bosal, Eberspächer, Faurecia, Meritor, and Tenneco settlement classes.

DATED: July 10, 2020                              Respectfully submitted,


                                                 /s/David H. Fink
                                                 David H. Fink (P28235)
                                                 Darryl Bressack (P67820)
                                                 Nathan J. Fink (P75185)
                                                 FINK BRESSACK
                                                 38500 Woodward Ave; Suite 350
                                                 Bloomfield Hills, MI 48304
                                                 Telephone: (248) 971-2500

                                                 *Interim Liaison Counsel for the Direct*
                                                 *Purchaser Plaintiffs*



Steven A. Kanner                                 Joseph C. Kohn
William H. London                                William E. Hoese
Michael E. Moskovitz                             Douglas A. Abrahams
FREED KANNER LONDON                              KOHN, SWIFT & GRAF, P.C.
   & MILLEN LLC                                   1600 Market Street, Suite 2500
2201 Waukegan Road, Suite 130                    Philadelphia, PA  19103
Bannockburn, IL  60015                           Telephone: (215) 238-1700
Telephone: (224) 632-4500


Gregory P. Hansel                                Eugene A. Spector
Randall B. Weill                                 William G. Caldes
Michael S. Smith                                 Jeffrey L. Spector
PRETI, FLAHERTY, BELIVEAU                         SPECTOR ROSEMAN & KODROFF, P.C.
   & PACHIOS LLP                                  Two Commerce Square
One City Center, P.O. Box 9546                    2001 Market Street, Suite 3420
Portland, ME  04112-9546                          Philadelphia, PA  19103
Telephone: (207) 791-3000                         Telephone: (215) 496-0300


          *Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*



                                              30

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, I electronically filed the foregoing paper with the Clerk of the court using the ECF system, which will send notification of such filing to all counsel of record registered for electronic filing.

FINK BRESSACK

By: /s/ Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkbressack.com